**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

IN RE:

|  |  |
|---|---|
| ANABELLE  HERNANDEZ SANTOS | CASE NO. 11-05567 MCF |
|  | Chapter 13 |
| XXX-XX-8043 |  |
|  | **FILED & ENTERED ON 05/03/2012** |
| Debtor(s) |  |

## DECISION AND ORDER

This case is before the Court on the following motions:

TRUSTEE'S  OBJECTION  TO  CLAIM  #10  FILED  BY AMERICAN EXPRESS TRS CO. INC. (DKT #32);

ANSWER TO THE OBJECTION TO CLAIM #10 FILED BY AMERICAN EXPRESS TRS CO. INC. AND TRUSTEES SUR-REPLY (DKTS #34 & #35);

TRUSTEE'S  MOTION  REQUESTING  DEBTOR  TO  MODIFY PLAN (DKT #33).

For the reasons stated below, the Court finds that the proof of claim filed by American Express on November 29, 2011 was timely filed and allowed as a general unsecured claim.

### I. PROCEDURAL HISTORY

The Chapter 13 Trustee objected to claim number 10 filed by American Express on November 29, 2011 because it was filed after the bar date set by Fed. R. Bankr. P. 3002(c).  American Express replied to the Trustee's objection to claim alleging that since the bar date elapsed during a period in which the case was dismissed,

their claim was timely filed within seven days after the re-opening of the case.

The debtor filed a bankruptcy petition under Chapter 13 on June 30, 2011 and the bar date to file unsecured claims was set at November 10, 2011. Subsequently, on October 13, 2011, the Chapter 13 Trustee's motion to dismiss on Docket No. 10 was granted and the case was dismissed. The debtor filed a reconsideration of dismissal, which was granted by the Court and the case was re-opened on November 22, 2011. In other words, the case was dismissed for forty days.

## II. LEGAL ANALYSIS AND DISCUSSION

The Issue before the Court is as follows: How should the dismissal, and then reinstatement, of a Chapter 13 case impact the proof of claim bar date, when the bar date elapses during the period after dismissal and prior to reinstatement?

A proof of claim which is filed under 11 U.S.C. § 501 is deemed allowed unless a party in interest objects. The time for filing a claim, or the bar date, is set by Fed. R. Bankr. P. 3002(c) which states that in a Chapter 13 case, a proof of claim is timely filed if it is not filed later than 90 days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a).

Certain untimely filed proof of claims are excepted from the bar date, but these are limited to the six exceptions listed in Rule 3002(c)(1)-(6). After reviewing the six exceptions, the court finds that the facts of the instant case do not fall within any of

these six exceptions.  In addition, Fed. R. Bankr. P. 9006(b)(3) limits the court's jurisdiction to enlarge the time for taking action under Rule 3002(c) to the extent and only under the conditions stated by this particular rule.

However, in spite of the strict parameters of the bankruptcy rules that unambiguously preclude any equitable discretion on the part of the bankruptcy court to extend or toll the deadlines set forth, this Court adopts the decision reached in In re Gulley, 400 B.R. 529 (Bankr. N.D.Tex. 2009).  The court in Gulley determined that in cases where there has been extenuating circumstances of disruption of a case, for example, a dismissal of the case and a proof of claim deadline that elapses before reinstatement of the case, the bankruptcy courts have the power to nullify the original bar date and recalculate them.  As stated by the court:

> To hold otherwise offends notions of due process, but also invites mischief... Th[e] court can envision scenarios in which crafty debtors may allow their cases to be dismissed on technical grounds (like failure to file paperwork), allow the proof of claim deadline to pass, and then seek to reinstate the case and hold a creditor to the deadline that ran while the case was a non-case.

Id. at 538.

In conclusion, under our particular set of facts, the Court determines that in all fairness to the bankruptcy process, the bar date is recalculated to December 20, 2011.  American Express should not be penalized because it failed to file a proof of claim in a

dismissed case. At the time of dismissal, sixty two days, of the ninety day period of the bar date, had elapsed. Therefore, upon the reinstatement of the case, it follows that unsecured creditors have twenty eight days to file their proof of claims, for a total of ninety days, as was originally established.

## ORDER

As such, the Court finds that the proof of claim number 10 filed by American Express on November 29, 2011 was timely filed and allowed as a general unsecured claim.

**SO ORDERED.**

San Juan, Puerto Rico, this 3rd day of May 2012.

*Mildred Caban*

Mildred Caban Flores
U.S. Bankruptcy Judge

C:    DEBTOR
      JUAN CARLOS BIGAS VALEDON
      ALEJANDRO  OLIVERAS RIVERA